UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA-LINDA SCHUEDER,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND AMERICA LINE, INC., et al.,<br><br>    Defendant. | CASE NO. C05-132C<br><br>ORDER |

This matter comes before the Court on Plaintiff Rosa-Linda Schueder's Motion for Reconsideration and Alternatively for Clarification of Ruling (Dkt. No. 11). The Court has carefully considered the papers submitted by the parties and has determined that oral argument is unnecessary. For the following reasons, the Court hereby DENIES Plaintiff's motion.

I. MOTION FOR RECONSIDERATION

On May 24, 2005, Plaintiff sought relief from this Court via a telephonic conference. After hearing the parties present their positions and arguments, the Court issued an oral ruling requiring that Plaintiff either submit to a psychological IME scheduled for May 26, 2005, or waive her claims for psychological damages ("May 24 Order"). Plaintiff did not attend the IME and now moves the Court to reconsider its order.

ORDER – 1

Local Rule CR 7(h)(1) provides: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Plaintiff does not present new facts or legal authority with this motion. Thus, the Court reviews the May 24 Order for manifest error.[1]

Fed. R. Civ. P. 35(a) provides:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause shown . . .

The party requesting the IME may not rely solely on conclusory allegations in the pleadings. Rather, the movant must make an affirmative showing that the condition for which the examination is sought is truly in controversy and that good cause exists for ordering the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). In determining whether good cause exists, the Court considers whether there are other sources from which the movant can obtain the requested information. *Id.*

It was not manifest error for the Court to require Plaintiff to submit to the psychological IME or else waive her claims for psychological damages. In her answers to Defendants' interrogatories, Plaintiff asserts that she endured "severe physical pain and emotional and psychological suffering, including the hellish experience of a temporary psychosis due to reaction of some of medications after surgery." By alleging that Defendants' actions caused psychological damages, Plaintiff placed her mental condition in controversy. Further, there is no indication that the IMEs and other physical examinations conducted to date address Plaintiff's claimed psychological injuries. Thus, there is good cause for a psychological IME. Accordingly, the Court hereby DENIES Plaintiff's motion.

---

[1] The Court reviews an order delivered via telephone as it would review a written order. Thus, Plaintiff's assertion that the Court should review the May 24 Order *de novo*, rather than for manifest error, is without merit.

ORDER – 2

II.     ADDITIONAL REQUESTS

Plaintiff chose not to attend the IME scheduled for May 26 and thus, pursuant to the Court's May 24 Order, waives her psychological damage claims. The Court, however, recognizes that the timing of discovery made it difficult for Plaintiff to file the current motion challenging the May 24 Order prior to the date of the IME. Thus, the Court hereby extends the deadline by which Plaintiff must submit to the psychological IME to July 29, 2005.

Plaintiff requests that the Court require the psychological IME to take place in Florida, rather than in Washington. Such an order is not warranted. Absent a showing of unreasonable hardship or exceptional circumstances, an examination is to be conducted in the district where the case will be tried. *See Landry v. Green Bay & Western R.R. Co.*, 121 F.R.D. 400, 401 (E.D. Wis. 1988); *Matthews v. Watson*, 123 F.R.D. 522, 523 (E.D. Pa. 1989). The process by which this case came to be tried in Washington is irrelevant. Plaintiff has not demonstrated an unreasonable hardship or exceptional circumstances warranting a change in the location of the IME. Thus, Plaintiff must undergo the psychological IME in Washington.

Finally, Plaintiff requests that the Court clarify which damages she must waive if she does not undergo a psychological IME. The Court finds elaboration on this aspect of its May 24 Order to be unnecessary.

SO ORDERED this 1st day of July, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3