1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11  ROSA-LINDA SCHUEDER,

12              Plaintiff,                          CASE NO. C05-0132C

13      v.                                          ORDER

14  HOLLAND AMERICA LINE, INC., et al.,

15              Defendants.

16      This matter comes before the Court on Defendants' motion for leave to file a first amended

17  answer (Dkt. No. 31).  Having considered the papers submitted by both parties and finding oral argument

18  unnecessary, the Court GRANTS Defendants' motion for the following reasons.

19  **I.      Factual Basis for Defendants' Motion**

20      Defendants seek leave to file a first amended complaint adding as an affirmative defense the

21  occurrence of an "[a]ct of God and/or Peril of the Seas."  (*See* Def.'s Mot. 2.)  Defendants assert that the

22  factual predicate for this defense is a deposition on May 28, 2005, in which Plaintiff testified that "a freak

23  wave" occurred at the time of her accident on board Defendants' ship.  (Def.'s Reply 2.)  Defendants had

24  previously asserted an affirmative defense in their original answer, filed on February 14, 2005, that

25
26  ORDER – 1

1   "Plaintiff's damages, if any, were proximately caused, in whole or in part, by a superseding cause(s)," and

2   reserved the right to "add additional affirmative defenses as discovery develops."  (Dkt. No. 8, at 3.)

3       Ten days before the Plaintiff's deposition, the Court had set September 9, 2005 as the last date for

4   the parties to amend their pleadings.  (Dkt. No. 10.)  Defendants filed this motion for leave to amend on

5   October 18, 2005.  Trial has been set for May 19, 2006.

6   **II.     Leave to Amend Under FRCP 15(a)**

7       Under Rule 15(a), requests for leave to amend that are made more than twenty days after service

8   of the original complaint are granted "only by leave of court or by written consent of the adverse party;

9   and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Rule 15 is based on a

10  policy of adjudicating all disputes on the merits to the extent possible: "If the underlying facts or

11  circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an

12  opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In this circuit,

13  courts ordinarily grant such motions, unless "permitting an amendment would prejudice the opposing

14  party, produce an undue delay in the litigation, or result in futility for lack of merit."  *Jackson v. Bank of*

15  *Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Accordingly, the Court is called on to determine whether

16  Defendants' current request would create any of the three risks identified by the *Jackson* court.

17      A.      *Undue Prejudice*

18      Of the three bases for denying leave to amend, "[p]rejudice to the opposing party is the most

19  important factor."  *Jackson*, 902 F.2d at 1388.  Here, Plaintiff argues that permitting Defendants to raise

20  an act of God defense would require a full slate of new discovery regarding "sea conditions and

21  defendants' response to the sea conditions," including the retention of new experts and additional vessel

22  inspections.  (*See* Pl.'s Opp'n 4.)  However, where an amendment creates a need for additional discovery,

23  but does not raise "different legal theories [requiring] proof of different facts," the courts have not found

24  undue prejudice.  *See Jackson*, 902 F.2d at 1387–88.

25

26  ORDER – 2

The critical question, therefore, is whether Defendants' amendment to include a peril of the seas or act of God defense raises a different legal theory than the superseding cause defense raised in their original answer.  The cases and commentators generally view an act of God as an "intervening cause" that may constitute a "superseding cause" absolving the tortfeasor of liability for negligence: "[A]n intervening cause is material only insofar as it supersedes a prior wrong as the proximate cause of an injury, by breaking the sequence of events between the prior wrong and the injury complained of." 57A AM. JUR. 2D *Negligence* § 559 (2005); *see also id.* § 533 n.1 ("If an act of God and the negligence of the defendant combine to produce the injury, the defendant is liable.").  An act of God will serve as a superseding cause when it is of "such unanticipated force and severity as would fairly preclude charging the carrier with responsibility for damage occasioned by its failure to guard against it."  *Wyler v. Holland America Line–USA, Inc.*, 348 F. Supp. 2d 1206, 1211 (W.D. Wa. 2003).

It thus appears that the superseding cause defense raised in Defendants' original answer is not so substantively distinct from an act of God defense of as to justify denying leave to amend.  Defendants' original answer put Plaintiff on notice of her burden to establish proximate cause—and of Defendants' countervailing intention to prove that a superseding cause, such as an act of God, absolved Defendants of liability.  The fact that Defendants now seek to identify a particular type of superseding cause does not substantially prejudice Plaintiff.  *See A.V. by Versace v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'").

    B.    *Undue Delay*

In determining whether a party has unduly delayed its request to amend is "whether the moving party knew or should have known the facts and theories raised by the amendment." *Jackson*, 902 F.2d at 1388.  An additional factor suggesting undue delay is a party's failure to adhere to pretrial amendment deadlines set by the district court.  *See Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988).  Here, Defendant waited five months after learning the factual predicate for an act of God defense,

ORDER – 3

1    and more than thirty days after the pleading-amendment cut-off, to make its request to amend.  Such a

2    delay is troublesome, especially given Defendants' refusal to offer any explanation for their delay.

3    However, it is not of the length cited by other courts as sufficient, without more, to justify denial of leave

4    to amend.  *See, e.g.*, *Hargett v. Valley Fed. Savings Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (ten month

5    delay after key deposition).  Given the seven months yet ahead before trial, and particularly the absence

6    of a showing of undue prejudice, the Court finds that a five-month delay does not overcome the policy of

7    liberal amendment in Rule 15(a).

8            C.      Futility

9            Finally, Plaintiff argues that an act of God defense must fail as a matter of law in this case, and

10   thus that allowing Defendants to amend and add that defense would be futile.  (Pl.'s Opp'n 3); *cf. Saul v.*

11   *United States*, 928 F.2d 829, 843 (9th Cir. 1991).  Given Plaintiff's deposition testimony and the

12   remaining time for discovery before trial, the Court declines to make a futility finding at this stage.  "Any

13   deficiencies in the pleadings can best be considered in the context of a motion for summary judgment."

14   *Versace*, 87 F. Supp. 2d at 299.

15   **III.    Conclusion and Order**

16           In sum, the Court finds that Defendants' five-month delay in raising a new affirmative defense,

17   while troublesome, does not create undue prejudice or otherwise justify denying leave to amend.

18   Accordingly, the Court GRANTS Defendants' motion and DIRECTS Defendants to separately file their

19   first amended answer within five court days of the date of this order.

20           SO ORDERED this 3rd day of November, 2005.

21

22

23

                                           UNITED STATES DISTRICT JUDGE

24

25

26   ORDER – 4